# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ROBIN SHAHINI

*Plaintiff,*

v.

THE GOVERNMENT OF THE
ISLAMIC REPUBLIC OF IRAN,

*Defendant,*

HOSSIEN TAEB,
MOHAMMAD ALI JAFARI
MOHAMMAD HOSSIEN ZIBAINEJAD
QASEM SOLEIMANI
MOHAMMAD BAGHERI
SADEQ ARDESHIR LARIJANI
GHOLAM-HOSSEIN
MOHSENI-EJE'I
ABBAS JAFARI DOLATABADI

*RICO Defendants.*

**JURY DEMAND**

**CIVIL ACTION No. 18-cv-01619**

---

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW ON DAMAGES FOR THE RACKETEER INFLUENCED AND CORRUPT RGANIZATIONS ACT COUNT V - (18 U.S.C. § 1961 et seq.) CAUSE OF ACTION**

**COMES NOW.** Plaintiff, Mr. Robin Shahini, and respectfully submits this supplemental memorandum of law in support damages on Count V – Racketeering Influenced and Corrupt Organizations Act.

### A.    STATEMENT OF THE CASE

In his Complaint, the plaintiff has sought damages, *inter alia*, based upon the section in the Racketeering Influenced and Corrupt Organizations Act ("RICO") also created a new civil

cause of action for "[a]ny person injured in his business or property by reason of a violation" of those prohibitions. 18 U.S.C. § 1964(c).

The Defendants have declined to Answer the Complaint following a circuitous and exhaustive process to serve the Defendants with the Complaint. Upon plaintiff's verification, the Clerk entered an entry of default against the Defendants. Plaintiff then moved this Honorable Court to enter a Judgement of Default and to assess damages.

Upon review of the pleadings and Motion for Default in Support of Damages Claimed [D.I. 37], plaintiff through counsel submits this supplemental memorandum of law to support this Court's jurisdiction to enter a default judgment and assess damages on Count V - alleging violation of the Racketeering Influenced and Corrupt Organizations Act § 1964 (c).

### B.     ARGUMENT

In summary, to successfully obtain a judgement and damages on Count V, pleading civil RICO, the plaintiff's claim must have a predicate act that conjures extraterritorial application, and the damages must have occurred domestically (within the United States). *See* RJR Nabisco, Inc. v. European Community, *et al*., 136 S. Ct. 2090, 195 L.Ed.2d 476 (2016).

As a threshold matter, the economic loss/property injury for purposes of 18 U.S.C. § 1964 (c), was directly caused by the RICO defendants illegal acts. *See* Holmes v. Securities Investor Protection Corporation, 503 U.S. 258, 266-269 (1992). But for being taken hostage and tortured (fully discussed in the Complaint and Motion for Default in Support of Damages Claimed [D.I. 37]), plaintiff would have pursued his planned course of education and employment. The unlawful conduct of hostage taking by the RICO defendants denied plaintiff this expected economic gain.

"Whether a person has a "property" interest is traditionally a question of state law."

Brown v. Cassens Transp. Co., 675 F.3d 946, 987 (6th Cir. 2012) *citing* Logan v. Zimmerman

Brush Co., 455 U.S. 422, 430 (1982) ("The hallmark of property ... is an individual entitlement

grounded in state law."). The plaintiff is a resident of California.

Under California state law, plaintiff has a property interest in future employment. *See*

Diaz v. Gates, 420 F.3d 897,900 (9th Cir. 2005) ("California law protects the legal entitlement to

both current and prospective contractual relations."). *See also* Brown v. Cassens Transp. Co.,

675 F.3d 946, fn.5 ("The Circuits are less consistent when the injury claimed as a result of the

RICO violation includes lost wages, but this is in part because some states do recognize a legal

entitlement to employment opportunities. *Compare*, Diaz v. Gates, 420 F.3d 897, 900 (9th

Cir.2005) (*en banc*) ("lost wages from wrongful death caused by RICO violation may be

properly pleaded as a property interest given California law").         .

In the plaintiff's Complaint [D.I. 1], plaintiff has pled that "the RICO Defendants, as

individuals engaging in racketeering activity of actual and/or threatened kidnapping (18 U.S.C.

§1201) and murder (18 U.S.C §1111), conspiracy to commit racketeering activity violating

Plaintiff's rights in violation of *18 U.S.C. §1203 (Hostage Taking)*," D.I 1 at pp. 10-11 (emphasis

added). "Absent clearly expressed congressional intent to the contrary, federal laws will be

construed to have only domestic application." RJR Nabisco, Inc. v. European Community, et al.,

136 S. Ct. at 2100, *citing* Morrison v. National Australia Bank Ltd., 561 U.S. 247, 255, 130 S.Ct.

2869, 177 L.Ed.2d 535 (2010).

The crime of hostage-taking applies extraterritorially. The statue states in pertinent part

that "whoever, whether inside or *outside* the United States, seizes or detains and threatens to kill,

to injure, *or* to continue to detain another person in order to compel a third person or a

3

governmental organization to do or abstain from doing any act as an explicit or implicit

condition for the release of the person detained, or attempts or conspires to do so, . . ."

and ". . . the person seized or detained is a national of the United States." 18 U.S. Code §1203(a)

and (b)(1)(A) (emphasis added). The U.S. Supreme Court has held that hostage-taking under 18

U.S.C. 1203 is a predicate offense that "plainly applies" to some foreign conduct. RJR Nabisco,

Inc. v. European Community, et al., 136 S. Ct. at 2101.

First, plaintiff has pled in his Complaint that he was taken hostage by the RICO

defendants who both detained and threatened to kill plaintiff; and, also to pursue gains for the

defendant Republic of Iran and compel the United States to act in order for plaintiff to be

released. D.I. 1 para(s). 47 (incorporating prior paragraphs), 31, 46, 53 and 54.

Second, the plaintiff has pled in his Complaint that he is was a United States Citizen at

the time of the offense complained of (D.I. 1 para.1and 6). He was naturalized as a United States

Citizen in 2005, and the conduct that gave rise to the Complaint occurred starting on July 11,

2016. (D.I. 1 para. 11). Hence, the statute/predicate act of hostage taking under which plaintiff

seeks damages is extraterritorially applicable. The next step in the analysis is to establish that the

harm for which damages are sought is domestic.

"A private RICO plaintiff therefore must allege and prove a domestic injury to its

business or property." RJR Nabisco at 2106. Claims for personal injuries are excluded. Ibid at

2108. Plaintiff has presented a claim for economic injuries and provided the Court with evidence

to support his economic losses. ("Bunin Report" at D.I. 37 Exhibit I (under seal)).

The economic losses detailed in the Bunin Report occurred in the United States upon

plaintiff's return from his captivity.  The Bunin Report details the plaintiff's expected earned

income from the academic track he would have pursued but for the actions of the RICO

4

defendants, and other factors. The devaluation of plaintiff's expected economic gain is compensable because it is injury to "property" as contemplated in the RICO statute. *See* Title 18 U.S.C. § 1964(c).

The plaintiff has alleged an injury to property because he has alleged an economic loss. *Supra*. *See* also <u>Brown v. Cassens Transp. Co.</u>, 675 F.3d at 957 ("we hold that the plaintiffs have alleged an injury to property because they allege the devaluation of either their expectancy of or claim for worker's compensation benefits.").

The Sixth Circuit modeled its analysis following the Supreme Court's instruction that "RICO is to be read broadly." <u>Sedima, S.P.R.L. v. Imrex Co.</u>, 473 U.S. 479, 497 (1985). The court in <u>Brown v. Cassens Transp. Co.</u> (675 F.3d at 957) discussed that the Supreme Court justified that instruction as follows: "First, Congress wrote the RICO statute with "self-consciously expansive language and overall approach" *citing* <u>Sedima, S.P.R.L. v. Imrex Co.</u> at 498 (citing <u>United States v. Turkette</u>, 452 U.S. 576, 586–87 (1981))." "Second, Congress "express[ly] admoni[shed] that RICO is to 'be liberally construed to effectuate its remedial purposes.'" (*quoting* Pub. L. No. 91–452, § 904(a), 84 Stat. 947)).

The remedial purpose of RICO is "nowhere more evident than in the provision of a private action for those injured by racketeering activity," the sort of activity as detailed in the Complaint that RICO Defendants have engaged in with impunity for decades. <u>Id</u>.

C.    **CONCLUSION**

Plaintiff Robin Shahini was a resident of California prior to, during, and following the unlawful hostage-taking conduct of the RICO defendants.

Under California state law, economic loss, as pled in Count V of his Complaint, is a property injury as required under RICO § 1964 (c). The statute/predicate act of taking the

plaintiff hostage has extraterritorial application for civil RICO purposes. Lastly, the injury,

economic loss, is domestic. Thusly, the plaintiff may be awarded damages under the civil RICO

claim.

Date:  May 4, 2022

Respectfully submitted,

_____/s/_____
Jeremy H. Gonzalez Ibrahim (PA Bar No. 53019)
LAW OFFICE OF J.H. GONZALEZ IBRAHIM
P.O. Box 1025, 1414 Baltimore Pike
Chadds Ford, PA 19317
(215) 205-1658
Email: jeremyibrahim.esq@gmail.com

_____/s/_____
Jason Ian Poblete (D.C. Bar No. 500414)
POBLETE TAMARGO, LLP
510 King Street, Ste 340
Alexandria, VA 20036
(703) 566-3037
Email: jpoblete@pobletetamargo.com